IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE STADIUM CHAIR COMPANY LLC, § § Plaintiff, § § v. § § COSTCO WHOLESALE CORPORATION § and CASCADE MOUNTAIN § TECHNOLOGIES, LLC, § § Defendants. § | CIVIL ACTION NO. 05:14-cv-630 **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff THE STADIUM CHAIR COMPANY LLC ("Plaintiff") files this Original Complaint against Defendants COSTCO WHOLESALE CORPORATION and CASCADE MOUNTAIN TECHNOLOGIES, LLC alleging as follows:

### I. THE PARTIES

1. The STADIUM CHAIR COMPANY LLC ("Plaintiff") is a corporation organized and existing under the laws of the State of Kansas, with a principal place of business in Wichita, Kansas and an office within this district.

2. Upon information and belief, Defendant COSTCO WHOLESALE CORPORATION ("Costco") is a Washington corporation with a principal place of business in Issaquah, WA. Costco may be served with process by serving its Registered Agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

3. Upon information and belief, Defendant CASCADE MOUNTAIN TECHNOLOGIES, LLC ("Cascade") is a Washington limited liability company with a principal place of business in Snoqualmie, WA. Cascade may be served with process by serving its Registered Agent, Lawrence F. Brown, Jr. at 4318 Preston Fall City Road SE, Fall City, WA 98024.

1

## II.   JURISDICTION AND VENUE

4. This is an action for infringement of a United States patent. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendants have had minimum contacts with the San Antonio Division of the Western District of Texas such that this venue is fair and reasonable. Defendants have committed such purposeful acts and/or transactions in this district that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity. Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the San Antonio Division of the Western District of Texas.

6. Both Plaintiff and the inventor of the patent, H. Wayne Head Jr., office within this district.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III.   PATENT IN SUIT

8. On January 14, 2003, United States Patent No. D468,548 ("'D548 Patent") was duly and legally issued for "PORTABLE STADIUM SEAT." A true and correct copy of the 'D548 Patent is attached hereto as Exhibit "A" and made a part hereof.

9. By way of assignment, Plaintiff is the exclusive licensee from the inventor, who resides in this district, of all right, title and interest in and to the 'D548 Patent, with all rights to enforce them against infringers and to collect damages for all relevant times, including the right to prosecute this action.

## IV.   INFRINGEMENT OF THE 'D548 PATENT

10. Plaintiff repeats and realleges every allegation set forth above.

11. Defendants have infringed and continue to infringe the 'D548 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States the

Cascade Mountain Tech Stadium Seat, which embodies the design covered by the 'D548 Patent. Such conduct constitutes, at a minimum, patent infringement under 35 U.S.C. §271(a).

12. The foregoing chart demonstrates via side-by-side comparisons that Defendants have misappropriated Plaintiff's patented product designs in the Cascade Mountain Tech Stadium Seat:





13. Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement of the 'D548 Patent has been and continues to be intentional, willful, and without regard to Plaintiff's rights.

4

14. Defendants have knowledge of the 'D548 Patent at least as early as the filing of this Complaint.

15. Plaintiff is informed and believes, and on that basis alleges, that Defendants have gained profits by virtue of their infringement of the 'D548 Patent.

14. Plaintiff has sustained damages as a direct and proximate result of Defendants' infringement of the 'D548 Patent.

16. Plaintiff will suffer and is suffering irreparable harm from Defendants' infringement of the 'D548 Patent. Plaintiff has no adequate remedy at law and is entitled to both a preliminary and permanent injunction against Defendants' continuing infringement of the 'D548 Patent. Unless enjoined, Defendants will continue their infringing conduct.

## V.   JURY DEMAND

16. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

A. A judgment that Defendants have infringed the asserted patent;

B. An order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of Plaintiff's asserted patent;

C. A judgment awarding Plaintiff all damages adequate to compensate for Defendants' infringement of Plaintiff's asserted patent, and in no event less than a

reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D. A judgment awarding Plaintiff all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

E. A judgment awarding Plaintiff all of Defendants' profits, pursuant to 35 U.S.C. § 289 together with prejudgment interest.

F. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

G. Costs of suit and reasonable attorneys' fees; and

H. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: July 11, 2014.**   Respectfully submitted,

/s/ J. Phil Watkins
State Bar No. 20927400
J. Phil Watkins, P.C.
926 Chulie Drive
San Antonio, TX 78216
(210) 225-6666
phil@philwatkins.com

Jonathan T. Suder
State Bar No. 19463350
Glenn S. Orman
State Bar No. 24074838
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 - fax
jts@fsclaw.com
orman@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**